[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-11218

Non-Argument Calendar

_____

TEO A. JAMISON,

Plaintiff-Appellant,

*versus*

UNITED STATES MARSHALS SERVICE, et al.,

Defendants,

BUTTS COUNTY SHERIFF,
CHIEF WHITE,
Butts County Detention Center,
CAPTAIN LEE,
Butts County Detention Center,
CAPTAIN MARY WEAVER,

Butts County Detention Center,
GRIEVANCE OFFICER BLACKMON,
Butts County Detention Center, et al.,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:19-cv-00457-TES-MSH

_____

Before BRANCH, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Teo Jamison, proceeding *pro se*, appeals the district court's order granting summary judgment in favor of the defendants in his civil suit under 42 U.S.C. § 1983 for deliberate indifference to his serious medical needs. After review, we affirm.

## I.    Background

Jamison, a federal prisoner, filed a *pro se* § 1983 complaint against several employees of the Butts County Detention Center ("BCDC")—Sheriff Gary Long, Sergeant Bell, Major Gandee, Chief White, Captain Weaver, Captain Lee, Sergeant Cox, Officer Smith,

Dr. Peter Wrobel, and Nurse Donna Younger.[1]  He alleged, in relevant part, that during his time as a pre-trial detainee at BCDC, the defendants were deliberately indifferent to his serious medical needs based on the defendants' alleged failure to allow him to use a cane for various underlying health conditions, which resulted in him falling on multiple occasions, in violation of the Eighth and Fourteenth Amendment.[2]  He sought compensatory and punitive damages.

The defendants ultimately moved for summary judgment, arguing that Jamison failed to state a viable claim for deliberate indifference and, regardless, they were entitled to qualified immunity.  A magistrate judge issued a report and recommendation ("R&R"), recommending that summary judgment be granted in favor of the defendants because (1) Jamison's deliberate indifference claim failed because the evidence did not show that the defendants subjectively knew of, or disregarded, a risk of serious harm; and (2) the defendants were entitled to qualified immunity.  The magistrate judge informed the

---

[1] Jamison sued others as well, but those individuals and entities are not relevant to this appeal.  Therefore, we omit any discussion of the other defendants.

[2] Jamison also raised a deliberate indifference claim related to an alleged delay in medical care for a broken finger and a retaliation claim.  However, we do not discuss those claims as they are not at issue in this appeal.  Finally, we note that although Jamison's complaint referenced the Eighth Amendment, the Eighth Amendment governs claims of inmates, while the Due Process Clause of the Fourteenth Amendment governs claims of pretrial detainees.  *See Bell v. Wolfish*, 441 U.S. 520, 535 & n.16 (1979).

parties that they had 14 days in which to file objections to the R&R and cautioned that the failure to file objections would result in a waiver of the right to challenge the unobjected-to issue on appeal. Jamison filed objections to the R&R, but he did not object to the magistrate judge's finding that the defendants were entitled to qualified immunity. The district court agreed that Jamison's deliberate indifference claim failed as a matter of law and that the officers were entitled to qualified immunity. Accordingly, the district court granted the motion for summary judgment. Jamison, proceeding *pro se*, timely appealed.

## II.     Discussion

Jamison argues generally that his deliberate indifference claim based on the denial of the use of a cane was meritorious.[3] In response, the Appellees argue, in relevant part, that Jamison has waived his right to appeal by filing a conclusory brief without citations to the record or supporting legal authority.

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (quotations omitted). Nevertheless, "[w]hile we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se*

---

[3] We review the grant of summary judgment *de novo*, viewing the record and drawing all reasonable inferences in favor of the nonmoving party. *Garczynski v. Bradshaw*, 573 F.3d 1158, 1165 (11th Cir. 2009). "[We] may affirm the judgment of the district court on any ground supported by the record." *See Kernel Recs. Oy v. Mosley*, 694 F.3d 1294, 1309 (11th Cir. 2012).

litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (internal citation omitted). "Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived." *N.L.R.B. v. McClain of Ga., Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998); *see also Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority."); *Campbell v. Air Jam., Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (explaining that, although we liberally construe *pro se* pleadings, the Court will not "serve as *de facto* counsel for a party" or "rewrite an otherwise deficient pleading in order to sustain an action" (quotations omitted)). By failing to provide supporting arguments and authority in his brief to challenge the denial of his deliberate indifference claim on the merits, Jamison abandoned the issue. *N.L.R.B.*, 138 F.3d at 1422.

Furthermore, notwithstanding Jamison's lack of supporting arguments and authority in support of his merits-based challenge, it is well-established that in order

> [t]o obtain reversal of a district court judgment that is based on multiple, independent grounds, an appellant must convince us that every stated ground for the judgment against him is incorrect. When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any

challenge of that ground, and it follows that the judgment is due to be affirmed.

*Sapuppo*, 739 F.3d at 680.  Jamison does not challenge the qualified immunity ruling, which is an independent ground supporting the judgment.[4]  Accordingly, the judgment is due to be affirmed on that ground.  *Id.*

### III.    Conclusion

For the above reasons, we affirm the grant of summary judgment.

**AFFIRMED.**

---

[4] We also note that by failing to raise an objection to the qualified immunity ruling in his objections to the R&R, Jamison also arguably waived his right to challenge that legal conclusion on appeal.  *See* 11th Cir. R. 3-1 ("A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.").